SEXTON, Judge,
dissenting.
The majority is correct that the evidence sought is relevant and not privileged. However, I would decline to exercise supervisory jurisdiction in this case.
Clearly, the district attorney did not follow the procedure established in Rule 3.8 of the Rules of Professional Conduct, for subpoena of an attorney regarding evidence about a past client (this client is a former codefendant in the instant proceedings and has waived his attorney-client privilege).
At the hearing on the motion to quash the subpoena (which was issued by FAX and without previous notice), the district attorney made an oral motion which could be characterized as a motion for subpoena of the attorney at issue and for an adversary hearing in accordance with Rule 3.8.
The trial court ruled that the subpoena was improperly issued in that it was not issued in accordance with Rule 3.8 and determined that the oral motion, under the circumstances of the instant case, was not timely.
The trial court has great discretion in regard to the manner of the conduct of a trial. On the showing made, I do not perceive that the ruling of the trial court was an abuse of that discretion.